**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THERESA OWENS** ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **CIVIL COMPLAINT** |
| ) | |
| **NORTHSTAR LOCATIONS** ) | |
| **SERVICES, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Theresa Owens, by and through her undersigned

counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings,

LLP, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Theresa Owens, is an adult natural person and brings this action

for actual and statutory damages and other relief against Defendant for violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits

debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C.

§1337.

3.      Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

### III.    PARTIES

4.      Plaintiff, Theresa Owens ("Plaintiff") is an adult natural person residing at 1280 Rock Hill Road, Pasadena, Maryland 21122. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Northstar Locations Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the state of Texas and the state of New Jersey with its principal place of business located at 216 4285 Genesee Street, Cheektowaga, NY 14255 and a registered office located at 820 Bear Tavern Road, Trenton, NJ 08628-1021.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7.      On or around early April 2010, the Plaintiff began receiving calls regarding and alleged debt of $5,671.00 owed to Bank of America.

8.      The Plaintiff informed the Defendant that she was working with the law firm of Persels and Associates, LLC and that they should call them directly on this matter.

9.      The Defendant then told the Plaintiff that she should not trust Persels and stop working with them that they are "nothing but a scam and everyone there is a liar."

10.     The Plaintiff's name is not on the account of the alleged debt and even though it is issued in her husband's name, they only call and ask for her.

11.     The agent calling on behalf of the Defendant continually refuses to give his name and claims he is calling from an attorney's office.

12.     The Defendant tried to convince the Plaintiff that they spoke with Persels and were informed that the Plaintiff was not a client of theirs and that they did not represent her.

13.     The Defendant told the Plaintiff that if she refused to comply, her failure to pay the alleged debt result in her losing her home.

14.     On or around May 14, 2010, the Plaintiff informed Persels that she is still getting calls from the Defendant.

15.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

21     The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

>    §§ 1692b(2)     Contact of Third Party: Stated that the consumer
>
>                    owes any debt
>
>    §§ 1692b(3)     Contact of Third Party:  Contacted a person more
>
>                    than once, unless requested to do so

§§ 1692b(6)          Contact of Third Party:  After knowing the consumer
                     is represented by an attorney

§§ 1692c(a)(2)       After it knows the consumer to be represented by an
                     attorney unless attorney consents or is unresponsive

§§ 1692c(b)          With anyone except consumer, consumer's attorney,
                     or credit bureau concerning the debt

§§ 1692d             Any conduct the natural consequence of which is to
                     harass, oppress or abuse any person

§§ 1692d(5)          Caused the phone to ring or engaged any person in
                     telephone conversations repeatedly

§§ 1692d(6)          Placed telephone calls without disclosing his/her
                     identity

§§ 1692e             Any other false, deceptive, or misleading
                     representation or means in connection with the debt
                     collection

§§ 1692e(5)          Threaten to take any action that cannot legally be
                     taken or that is not intended to be taken

§§ 1692e(10)         Any false representation or deceptive means to
                     collect a debt or obtain information about a consumer

§§ 1692f             Any unfair or unconscionable means to collect or
                     attempt to collect the alleged debt

§§ 1692f(6)          Taken or threatened to unlawfully repossess or
disable the consumer's property

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Northstar Locations Services, LLC and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

\

## V.    **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:   September 16, 2010**          **BY: /s/ Bruce K. Warren**

**BY: /s/ Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorneys for Plaintiff